UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVARO TOLEDANO GONZALEZ,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 1:26-cv-2296

Honorable Paul L. Maloney

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondent to release Petitioner or ordering Respondent to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7.)

In an order entered on August 13, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondent filed his response on August 18, 2026, (ECF No. 5).

## II. Factual Background

Petitioner is a native and citizen of Cuba. (2022 Form I-213, ECF No. 5-1, PageID.27.) On or about September 11, 2022, Petitioner and others arrived by boat in the Marquesas Keys, Florida. (*Id.* ¶ 28.) The U. S. Coast Guard detained Petitioner and turned him over to the Department of Homeland Security (DHS). (*Id.*) After processing, DHS agents served Petitioner with a Notice and Order of Expedited Removal, (Notice and Order of Expedited Removal, ECF No. 5-2, PageID.31), charging him with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because he was an immigrant "not in possession of a valid unexpired[] immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA." (*Id.*) Petitioner asserted a credible fear of being returned to Cuba and was released from custody pending an asylum review.[1] (2025 Form I-213, ECF No. 5-4, PageID.38.) Petitioner submitted a Form I-589, Application for Asylum and Withholding of Removal to the United States Citizenship and Immigration Services (USCIS). (*Id.*) His application remains pending. (*Id.*)

On June 2, 2025, ICE took Petitioner into custody. (2025 Form I-213, ECF No. 5-4, PageID.37.) On July 15, 2025, an Immigration Judge denied Petitioner's request for bond, concluding that he lacked jurisdiction to consider Petitioner's bond request. (Order Immigration Judge, ECF No. 5-5, PageID.41.)

On September 5. 2025, ICE agents served Petitioner with a Notice to Appear (NTA) under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who at the time of application for admission, is not in possession of a valid entry document and a valid unexpired passport, travel document, or document

[1] Respondent does not indicate whether Petitioner applied for admission under the Cuban Refugee Adjustment Act (CAA), Public Law 89-732 (November 2, 1966).

of identity and nationality, which placed Petitioner in standard, non-expedited removal proceedings under § 240 of the INA, codified at 28 U.S.C. § 1229a. (NTA, ECF No. 5-6, PageID.44–49.)

On January 23, 2026, an Immigration Judge pretermitted Petitioner's application for asylum and ordered Petitioner removed to Ecuador. (Order Immigration Judge, ECF No. 5-7, PageID.52; Order Immigration Judge, ECF No. 5-8, PageID.56.) Subsequently, ICE prepared to remove Petitioner to Ecuador, however, Ecuador refused to accept Petitioner. (Mot. to Reopen, ECF No. 5-11, PageID.65.) Respondent moved to re-open Petitioner's asylum petition following Ecuador's unwillingness to accept Petitioner under the Asylum Cooperative Agreement. (ACA) (*Id.*) On July 16, 2026, an Immigration Judge granted Respondent's motion to reopen the proceedings. (Order Immigration Judge, ECF No. 5-12, PageID.73.)[2]

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

[2] The Court notes that Respondents do not argue that Petitioner is subject to a final order of removal at this time.

## IV. Merits Discussion

### A. Statutory Basis for Petitioner's Detention

For the same reasons set forth in *Betancourth-Martell v. Mullin*, No. 1:26-cv-1255, 2026 WL 1532967 (W.D. Mich. June 1, 2026),[3] the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 due to his manner of entry into the United States, which included initially being placed in expedited removal proceedings, but then being released from custody after an asylum officer determined that he had a credible fear of persecution and subsequently placed in § 1229a removal proceedings.

Therefore, based on the facts presented by the parties, and the reasoning of the United States Court of Appeals for the Sixth Circuit in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.

### B. Fifth Amendment Due Process Considerations

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also*

[3] S*ee also, e.g.*, *Vettah v. Raycraft*, No. 1:26-cv-1735, 2026 WL 1945090, at *2–3 (W.D. Mich. July 6, 2026); *Vega-Duno v. Raycraft*, No. 1:26-cv-1570, 2026 WL 1593320, at *1 & n.2 (W.D. Mich. June 4, 2026); *Espinoza Ramirez v. Unknown Party*, No. 1:26-cv-1505, 2026 WL 1551778, at *1 & n.3 (W.D. Mich. June 2, 2026); *Morales Morales v. U.S. Dep't of Homeland Sec.*, No. 1:26-cv-714, 2026 WL 972715, at *2–3 (W.D. Mich. Apr. 10, 2026); *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026).

> *Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 175 F.4th at 732. The Sixth Circuit therefore upheld the lower courts' determinations the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at *13.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## V. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative,

immediately release Petitioner from custody.[4] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: September 9, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

[4] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.